FILED
SUPERIOR COURT
OF GUAM

2019 NOV 20 PM 4: 53

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                              )        Case No. CF0477-16
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )        DECISION & ORDER
                                             )
                                             )
BENNY SAM ROBERT,                            )
DOB: 02/20/1992                              )
                                             )
                    Defendant.               )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 4, 2019 for hearing on Defendant Benny Sam Robert's Motion to Reduce Sentence ("Motion to Reduce"). The Defendant is represented by Attorney Terry E. Timblin and Assistant Attorney General Sean E. Brown appeared on behalf of the People of Guam. After hearing the arguments of the parties and considering the applicable law, the Court now issues this Decision and Order denying Defendant's Motion to Reduce.

## BACKGROUND

After a bench trial, Defendant was found guilty of: Aggravated Assault (as a Second Degree Felony) with a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony; Terrorizing (as a Second Degree Felony) with a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony; and Criminal Mischief (as a Third Degree Felony) with

a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony. Judgment at 1-2 (Apr. 13, 2018). Defendant was sentenced to serve five (5) years incarceration for each charge, to be served concurrently. Judgment at 2-3. Defendant was also sentenced to serve five (5) years incarceration for each Special Allegation, not to be served concurrently. *Id.* In total, Defendant was sentenced to serve twenty (20) years incarceration. Defendant appealed his conviction and sentence with the Guam Supreme Court, which affirmed the conviction and sentence. *See People v. Robert*, 2019 Guam 2.

Defendant filed his Motion to Reduce on August 23, 2019. The People filed their opposition on September 4, 2019. People's Response to Defendant Benny Sam Robert's Motion to Reduce Sentence ("Opposition") (Sept. 4, 2019). The Court held a hearing on the motion and subsequently took the matter under advisement. Minute Entry (Oct. 4, 2019).

## DISCUSSION

Defendant's motion arises out of a statutory right in Guam criminal procedure law. The statute provides, in relevant part:

> The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46. The Court recognizes that the purpose of the statute is to consider whether "the original sentence now seems unduly harsh." *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). It is well settled that a motion for relief from a legally imposed sentence shall not be granted unless it is shown that the sentence was based upon improper information. *United States v. Parrott*, 992 F.2d 914, 919 (9th Cir. 1993). Motions for reduction of sentence are addressed to the court's discretion. *Flores v. United States*, 238 F.2d 758, 760 (9th Cir.

1956). Defendant appealed his conviction, which the Guam Supreme Court affirmed on May 17, 2019. *People v. Robert*, CRA18-002, Judgment (May 17, 2019). Defendant filed his Motion to Reduce on August 23, 2019. As such, Defendant's motion falls well within the one hundred twenty (120) day deadline.

The People argue while Defendant timely filed his Motion to Reduce, there is nothing illegal about Defendant's sentence which would require reducing his sentence. Opposition at 2. The sentence reduction statute also provides "The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." 8 GCA § 120.46. Defendant's motion does not suggest the Court imposed an illegal sentence. Rather, Defendant argues the Court has the discretion to reduce Defendant's sentence on the basis that "[Defendant] submits that he has not engaged in any misconduct since he was first incarcerated and that 10 years is sufficient to deter any repeat of the behavior that led to his conviction." Motion to Reduce at 3.

Defendant has not provided the Court with any information or arguments which the Court failed to consider at the time of sentencing, nor has Defendant presented any new factual or legal arguments which would warrant a reduction in sentence. Instead, Defendant suggests that a 10-year sentence is sufficient to deter future behavior and that Defendant has not engaged in any misconduct since being incarcerated.

It is unsurprising that Defendant has not engaged in any misconduct since being incarcerated as his ability to do so is severely limited by the fact that he is incarcerated. Further, the Court finds the People's argument that Defendant's prior history mandates denial of the sentence reduction to be persuasive. In CF0505-11, Defendant plead guilty to Negligent Homicide. *People v. Robert*, CF0505-11, Plea Agreement (Sept. 4, 2014). In this case,

Defendant was found guilty of: Aggravated Assault with a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony; Terrorizing with a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony; and Criminal Mischief with a Special Allegation for Use of a Deadly Weapon in the Commission of a Felony. Judgment at 1-2 (Apr. 13, 2018). Considering Defendant's history, the Court is not convinced that a reduced sentence of 10 years will be sufficient to deter future behavior.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Reduce is **DENIED**. Defendant has not presented any evidence that the Court's sentence was based on improper information nor any legal argument supporting a reduction in sentence.

**IT IS SO ORDERED** on this 20th day of November, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

NOV 20 2019
Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam